RUSS, AUGUST & KABAT
Marc C. Fenster, State Bar No. 181067
mfenster@raklaw.com
Nathan D. Meyer, State Bar No. 239850
nmeyer@raklaw.com
Timothy M. Baumann, State Bar No. 322982
tbaumann@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile:(310) 826-6991

Attorneys for Plaintiff
LINDA KELEMER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA KELEMER, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WALMART INC., a Delaware corporation,<br><br>　　　　　Defendant. | Case No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Linda Kelemer ("Kelemer") alleges against Defendant Walmart Inc. ("Walmart" or "Defendant"), as follows:

1. This is an action for willful infringement of design patents in violation of the Patent Laws of the United States, as set forth in 35 U.S.C. §§ 271 and 280 through 285.

2. For the past 13 years, Kelemer has engaged in designing, developing,

and marketing various furniture embodying unique designs. Among other things, Kelemer developed designs and concepts for foldable chairs in the classic Parsons style, which in the past were sold by major retailers such as Bed, Bath & Beyond. Two of her furniture designs are protected under United States Patent No. D637,416 (the "'416 Patent") and United States Patent No. D630,449 (the "'449 Patent").

3. A true and correct copy of the '416 Patent is attached hereto as **Exhibit A**.

4. A true and correct copy of the '449 Patent is attached hereto as **Exhibit B**.

5. Both the '416 and '449 describe and claim a unique design for foldable chairs in the classic Parsons style. Among other things, the '416 Patent describes and claims a foldable chair with a completely upholstered back which runs flush to the seat, slightly beveled legs, and sleek, angular cushions. The '449 Patent describes and claims a similar foldable Parsons-style chair with a larger gap between the back cushion and seat cushion.

6. Kelemer caused embodiments of the '416 and '449 Patents to be manufactured, and presented those embodiments at various tradeshows and in trade periodicals with the intent of selling her foldable furniture at major "big box" retailers. In her various presentations and marketing materials to retailers, Kelemer advised potential customers that the foldable furniture was patented.

7. In 2009, Kelemer began to supply foldable chairs embodying the '416 and '449 Patents to Bed, Bath & Beyond in substantial numbers. Eventually, however, that relationship ended and Kelemer was no longer used as a supplier.

8. In or around July of 2017, Kelemer discovered that Defendant was selling foldable chairs embodying the '416 and '449 Patents.

## PARTIES

9. Kelemer is an individual residing in the State of California, County of Los Angeles.

10. Walmart is a Delaware corporation with a principal place of business at 702 S.W. 8th Street, Bentonville, Arkansas 72716.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action involves substantial claims arising under the Patent Laws of the United States.

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Defendant has and is marketing, selling, and offering to sell foldable chairs embodying the designs described and claimed in the '416 and '449 Patents and is conducting other business in this judicial district.

## ALLEGATIONS COMMON TO ALL CALIMS FOR RELIEF

**A. KELEMER'S PRESENTATION AND DISCLOSURE OF THE PATENTED DESIGNS TO DEFENDANT.**

13. In or about February of 2009, Kelemer was inspired to create foldable chairs with an elegant design that would fit in seamlessly among, and aesthetically match, furniture permanently kept in the home, while combining the compactness and portability of foldable furniture. Her idea was to create foldable chairs in the well-known Parsons style, with a modernist design that is compatible with other styles of furniture but deviates substantially from the cheap-looking and utilitarian designs of foldable chairs which were then on the market. She designed the respective foldable chairs accordingly: the backs and sides are completely upholstered; the back legs are curved and slightly tapered; and the seat and back cushions are angled and beveled.

14. Starting in 2009, through her affiliates, Kelemer made and sold products embodying the '416 and '449 Patents. Marketing materials for those products were identified with one or more of the numbers of the patents-in-suit.

15. On August 12, 2011, Kelemer or her representatives presented products embodying the '416 and '449 Patents to various representatives of major retailers,

including Defendant. As part of those presentations, representatives of potential retailer clients were provided with pictures of products embodying the '416 and '449 Patents and informed that those designs were patent protected.

16. Kelemer did not reach an agreement with Defendant for the distribution of the products.

**B.     DEFENDANT'S UNLAWFUL CONDUCT.**

17. Instead of licensing Kelemer's patents, Defendant simply copied the designs and started selling knock-off foldable chairs, thereby intentionally and willfully infringing Kelemer's '416 and '449 Patents.

18. Defendant has infringed and is currently infringing the '416 and '449 Patents in violation of 35 U.S.C. § 271 by making, having made, using, selling, and/or offering for sale, within the United States, products embodying the designs claimed in the '416 and '449 Patents, including, without limitation, foldable chairs with completely upholstered backs, the back cushion flush with the bottom cushion, curved and slightly tapered rear legs, slightly tapered front legs, and beveled cushions, as are described and claimed in one or both of the '416 and '449 Patents.

19. Defendant's products infringing upon the '416 Patent include, by way of example and without limitation, the "Parson's hardwood folding chair in expresso finish and Jax fabric (Brown)" contained in the Stakmore product line (the "'416 and '449 Infringing Product").



| '416 Patent | '416 and '449 Infringing Product |

FIG. 1

## COUNT I

## INFRINGEMENT OF '416 PATENT

## UNDER 35 U.S.C. § 271

20. Kelemer repeats paragraphs 1-20, above, and incorporates the allegations thereof as if set forth herein in their entirety.

21. Defendant has infringed and is currently infringing '416 Patent in violation of 35 U.S.C. § 271 by making, having made, using, selling, and/or offering for sale, within the United States, products embodying the design claimed in the '416 Patent. Defendant's infringing products including, by way of example and without limitation, the "Parson's hardwood folding chair in expresso finish and Jax fabric (Brown)" contained in the Stakmore product line.

22. Defendant had actual knowledge of the '416 Patent and Kelemer's

RUSS, AUGUST & KABAT

patented products.

23. Defendant's infringement of the '416 Patent has been and continues to be willful and deliberate.

24. Kelemer has been injured and damaged, and will continue to be injured and damaged, by Defendant's infringement of the '416 Patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to Kelemer unless and until enjoined by this Court.

## COUNT II

## INFRINGEMENT OF '449 PATENT

## UNDER 35 U.S.C. § 271

25. Kelemer repeats paragraphs 1-20 above, and incorporates the allegations thereof as if set forth herein in their entirety.

26. Defendant has infringed and is currently infringing the '449 Patent in violation of 35 U.S.C. § 271 by making, having made, using, selling and/or offering for sale, within the United States, products embodying the design claimed in the '449 Patent. Defendant's infringing products include, by way of example and without limitation, the "Parson's hardwood folding chair in expresso finish and Jax fabric (Brown)" contained in the Stakmore product line.

27. Defendant's had actual knowledge of the '449 Patent and Kelemer's patented products.

28. Defendant's infringement of the '449 Patent has been and continues to be willful and deliberate.

29. Kelemer has been injured and damaged, and will continue to be injured and damaged, by Defendant's infringement of the '449 Patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to Kelemer unless and until enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

1. That Defendant has willfully infringed the '416 and '449 Patents;

2. That an accounting be had for the damages caused to Plaintiff by Defendant's infringing activities, and that such damages, including damages for lost profits and/or reasonable royalty in an amount not known at this time, which amount should be trebled under 35 U.S.C. § 284, with interest, be awarded to Plaintiff;

3. That Plaintiff be granted preliminary and permanent injunctive relief restraining and enjoining Defendant and their agents, servants, employees, and all persons acting thereunder, in concert with, or on its behalf, from infringing the '416 and '449 Patents, including without limitation restraining and enjoining the making, advertising, marketing, using, importing, selling, and/or offering to sell the '416 and '449 Infringing Products;

4. That the Court enter an order declaring that such damages and other monetary relief not be dischargeable through bankruptcy or otherwise;

5. That this be adjudged an exceptional case and that Plaintiff be awarded her attorneys' fees and costs in this action pursuant to 35 U.S.C. § 285; and

6. That Plaintiff be awarded such further relief as the Court may deem equitable and just.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Linda Kelemer hereby demands trial by jury on all issues.

DATED: February 15, 2022

RUSS, AUGUST & KABAT
Marc C. Fenster
Nathan D. Meyer
Timothy M. Baumann

By: /s/ Marc C. Fenster
Marc C. Fenster
Attorneys for Plaintiff
Linda Kelemer